UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

RECEIVED
SEP 30 2026
TIME: 11:30
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA
ARW

RECEIVED
SEP 29 2026
TIME: 11:30
CLERK, U.S. BANKRUPTCY COURT
MINNEAPOLIS, MINNESOTA

In re: Andrea Mae Juopperi, Debtor.
Bankruptcy Case No. 26-50478 (WJF) — Chapter 7

FRANDSEN BANK & TRUST, Plaintiff,
v.
ANDREA MAE JUOPPERI, Defendant.
Adversary Case No. 26-05027

**DEFENDANT'S AMENDED ANSWER TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

Defendant Andrea Mae Juopperi, appearing pro se, answers Plaintiff Frandsen Bank & Trust's Complaint to Determine Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A). Defendant responds to the numbered allegations as follows. Any allegation not expressly admitted is denied. Where Defendant states that she lacks sufficient information to admit an allegation, she denies it for purposes of this pleading.

1. Admit that Plaintiff has pleaded that this Court has jurisdiction over the adversary proceeding. Defendant does not admit any legal conclusion beyond the allegations as pleaded.

2. Admit that Plaintiff has pleaded venue in this District. Defendant does not admit any legal conclusion beyond the allegations as pleaded.

3. Admit, to the extent Plaintiff is a banking corporation licensed to do business in Minnesota.

4. Admit that Defendant is the individual debtor in the related Chapter 7 case. Defendant does not admit any allegation beyond the facts stated.

5. Admit that Defendant filed her Chapter 7 bankruptcy petition on June 23, 2026.

6. Admit that Defendant did not separately notify Frandsen of the bankruptcy filing at the time the bankruptcy petition was filed. Defendant denies that she failed to subsequently notify Frandsen of the situation. In approximately mid-to-late July 2026, after Defendant discovered that the May 5 credit was not her personal-injury settlement proceeds, Defendant went to Frandsen and reported the erroneous credit. Defendant denies that, at the time of filing, she understood the May 5 credit as creating a debt owed to Frandsen, and denies any allegation of fraud or intent to deceive.

7. Admit that Defendant maintained the Frandsen checking account ending in 3043 and that the account was identified in Defendant's bankruptcy schedules.

8. Admit that Defendant opened the Frandsen account in approximately November 2025.

9. Admit only that Plaintiff's account statements may reflect the balances stated. Defendant denies any implication that these balance figures represent Defendant's regular deposits or the amount of money passing through the account. Defendant regularly received payroll deposits from her employment, many of which were approximately $1,100. Defendant further denies that the historical account balances establish what Defendant knew or believed concerning the May 5, 2026 credit.

10. Admit. Plaintiff's Complaint itself alleges that an internal error at Frandsen caused $17,598.49 to be mistakenly credited to Defendant's account.

11. Deny. Defendant did not know that the May 5, 2026 credit resulted from an internal error by Frandsen. At that time, Defendant was expecting proceeds from a personal-injury settlement and believed the credit was connected to those settlement proceeds. Defendant denies that her historical account balances establish otherwise.

12. Defendant admits only that Plaintiff alleges that, absent the mistaken credit, the account would have been overdrawn by the amount stated. Defendant lacks sufficient information to independently verify Plaintiff's calculation and therefore denies the allegation to the extent a response is required.

13. Deny. Before the May 5, 2026 credit appeared, Defendant's personal-injury claim had been settled for a total recovery of $25,000. On April 21, 2026, Defendant signed a Power of Attorney concerning that settlement. Defendant was expecting settlement proceeds when the May 5 credit appeared and believed the credit was connected to those proceeds. Defendant did not discover that belief was mistaken until approximately mid-to-late July 2026.

14. Deny. Defendant did not initially know that the May 5 credit resulted from a Frandsen error. After Defendant discovered in approximately mid-to-late July 2026 that the credit was not her settlement proceeds, Defendant went to Frandsen and reported the erroneous credit, explaining that she had believed the money was connected to her personal-injury settlement.

15. Admit that Defendant made purchases, payments, transfers, and withdrawals from the account after May 5, 2026. Defendant denies that she did so knowing that the May 5 credit resulted from a Frandsen error or that the money belonged to Frandsen. At the time, Defendant believed the credit was connected to her expected settlement proceeds.

16. Admit that Defendant did not deposit the personal-injury settlement check she ultimately received into her Frandsen account. Defendant denies that her later choice of bank establishes what she knew or believed when the May 5 credit appeared. Frandsen debited $17,598.49 from Defendant's replacement Frandsen account on July 20, 2026, before she deposited the actual settlement check at another financial institution. Frandsen later reversed that debit on August 25, 2026. Defendant contends that the replacement Frandsen account also contained her own payroll funds. The complete accounting and treatment of those funds remain disputed.

17. Admit that Defendant's Schedule C contained the statement identified by Plaintiff. Defendant states that the disclosure was made based upon her understanding and belief at the time that the relevant funds were connected to her personal-injury settlement.

18. Admit that Defendant's bankruptcy papers reported approximately $16,500 in connection with the personal-injury settlement. Defendant acknowledges that the figure was inaccurate but denies that she knowingly or intentionally reported a false amount.

19. Admit that Defendant filed her Chapter 7 petition on June 23, 2026, and that the settlement check identified by Plaintiff is dated June 24, 2026, to the extent those dates are accurately reflected by the records. Defendant denies that the later issuance date establishes that her earlier belief concerning the May 5 credit was fraudulent or knowingly false.

20. Deny Plaintiff's characterization and conclusion. Defendant's belief concerned settlement proceeds that she was already expecting, not her knowledge of the date on which the physical settlement check would later be issued. Defendant believed the May 5 credit was connected to her expected personal-injury settlement until she later discovered otherwise.

21. Deny. Defendant did believe that the approximately $17,598.49 credit was connected to her expected personal- injury settlement when the credit appeared and while she used the funds. Defendant did not know that the credit resulted from an internal Frandsen error. Defendant

discovered that her belief was mistaken in approximately mid-to- late July 2026 and thereafter went to Frandsen and reported the erroneous credit.

22. Admit that Defendant ultimately deposited the actual personal-injury settlement check at Park State Bank, to the extent Plaintiff accurately identifies that institution. Defendant denies that this later deposit establishes what she knew about the May 5 Frandsen credit. Frandsen had already debited $17,598.49 from her replacement account on July 20, 2026, before she deposited the settlement check. Frandsen reversed that debit on August 25, 2026. Defendant contends that the replacement account also contained her own payroll funds; the complete accounting and treatment of those funds remain disputed.

23. Admit that Defendant deposited the actual personal-injury settlement check on or about July 27, 2026, to the extent that date is accurately reflected by the records. Defendant denies that the timing of the deposit was an attempt to conceal the settlement check or establishes that she knew the May 5 credit resulted from a Frandsen error. Defendant did not discover the actual settlement check among her accumulated unopened mail until approximately mid-to-late July 2026.

24. Admit that the actual settlement check was for $14,441.69. Defendant's settlement records identify a $25,000 total recovery and $14,441.69 payable to Defendant after attorney's fees, an expense, and subrogation. Defendant denies that the difference between the May 5 credit and the net settlement check makes her earlier belief knowingly untruthful. Her claim had settled before the credit appeared, she had signed a Power of Attorney concerning the settlement on April 21, 2026, and she was expecting proceeds.

25. Admit that Defendant deposited the settlement check after the meeting of creditors, to the extent the dates reflected in the records establish that timing. Defendant denies that she intentionally delayed depositing, concealed, or withheld the settlement check because of the bankruptcy proceeding. Defendant had a longstanding pattern of accumulating mail and delaying retrieval or opening of mail. Messages predating the May 2026 credit document prior mail-retrieval issues. Defendant did not discover the settlement check among her accumulated mail until approximately mid-to-late July 2026. Upon discovering the actual settlement check, Defendant realized that the May 5 credit at Frandsen had not been her settlement proceeds. Defendant thereafter went to Frandsen and reported the erroneous credit.

26. Deny. Defendant denies knowingly or intentionally making false statements in her bankruptcy filing. Defendant's schedules were prepared based upon the information and understanding she had at the time, including her belief that the May 5 credit was connected to personal-injury settlement proceeds she was expecting.

27. Deny that Defendant knowingly made an untruthful representation. At the time Defendant's bankruptcy paperwork was prepared and filed, Defendant believed the May 5 credit represented or was connected to the personal- injury settlement proceeds she was expecting. Defendant did not discover the actual settlement check among her accumulated mail until approximately mid- to-late July 2026.

28. Deny that Defendant's Schedule C statement was knowingly or intentionally untruthful. When Defendant stated that the exempted funds could be traced to the car-accident settlement, she did so based upon her then-existing belief that the May 5 credit was connected to the personal-injury settlement proceeds she was expecting.

29. Admit that Defendant's bankruptcy papers identified approximately $16,500 in connection with the personal-injury settlement and that the actual check payable to her was $14,441.69. Defendant acknowledges that the $16,500 figure was inaccurate. She denies that the error was knowing or intentional. Her settlement records reflect a $25,000 total recovery and a net amount payable to her of

$14,441.69 after deductions.

30. Admit that Defendant made substantial expenditures from the account after the May 5 credit, including the Delta Vacations purchase identified by Plaintiff, to the extent reflected by the account records. Defendant denies that the amount or nature of her spending establishes that she knew the May 5 credit resulted from a Frandsen error. Defendant made those expenditures while believing the credited funds were connected to her expected personal- injury settlement.

31. Admit that Defendant paid approximately $2,855 to her bankruptcy attorney on or about May 8, 2026, to the extent reflected by the records. Defendant denies that this payment demonstrates that the May 5 credit caused Defendant to decide to file bankruptcy or was part of any fraudulent scheme. Defendant had begun seeking bankruptcy assistance in 2025, well before the May 5, 2026 Frandsen credit, and has contemporaneous emails from 2025 documenting those efforts. At the time of the payment, Defendant believed the May 5 credit was connected to her expected personal-injury settlement proceeds.

32. Admit that Defendant made a second payment of approximately $2,855 to the same law firm on or about May 12, 2026, to the extent reflected by the account records. Defendant states that this payment was made on behalf of her fiancé for his bankruptcy case and was made with the understanding that her fiancé would repay her. Defendant denies that the payment establishes that she knew the May 5 credit resulted from a Frandsen error or that she acted with fraudulent intent. At the time, Defendant believed the May 5 credit was connected to her expected personal- injury settlement proceeds.

33. Admit only that the account records reflect transactions during May 2026 and that Plaintiff calculates the reduction in the account as $12,468.95. Defendant denies that the amount spent establishes knowledge that the May 5 credit resulted from a Frandsen error or establishes fraudulent intent. Defendant made the transactions while believing the credited funds were connected to her expected personal-injury settlement proceeds.

34. Admit that the actual settlement check had not yet been issued when some or all of the transactions identified by Plaintiff occurred. Defendant denies that the later issuance date of the physical check establishes what Defendant knew or believed at the time. Defendant's personal-injury claim had already settled before the May 5 credit appeared, and on April 21, 2026, Defendant signed a Power of Attorney concerning the $25,000 settlement. Defendant was expecting settlement proceeds.

35. Deny. Defendant did not know that the May 5 credit resulted from a Frandsen error and did not knowingly take funds she understood to belong to Frandsen. Defendant believed the credit was connected to her expected personal- injury settlement proceeds until approximately mid-to- late July 2026, when she discovered the actual settlement check among her accumulated mail. After realizing her prior belief was mistaken, Defendant went to Frandsen and reported the erroneous credit.

36. Admit that Defendant went to a Frandsen location on or about June 15, 2026, and requested that the existing account be closed. Defendant wanted the existing account closed and a new Frandsen account opened because she believed her existing account information may have been compromised after she entered financial information into a website she subsequently believed was suspicious or unsafe. The June 15 visit was unrelated to Defendant's later discovery of the May 5 erroneous credit.

37. Deny Plaintiff's characterization and any implication that Defendant told Frandsen the account was 'compromised' in order to conceal knowledge of the May 5 erroneous credit. Defendant used the term 'compromised' because of her concern about having entered financial information into the website described above. At that time, Defendant did not know that the May 5 credit resulted from a Frandsen error and continued to believe that the credit was connected to her expected personal-injury settlement proceeds.

38. Admit that the remaining funds were transferred into a new Frandsen account ending in 2430 in Defendant's name. Defendant had requested the new account because of her concern that the information associated with the prior account had been compromised. Defendant denies that the transfer was made to hide or conceal funds or because she knew that the May 5 credit resulted from a Frandsen error.

39. Deny. Defendant did alert Frandsen after discovering that the May 5 credit was not her settlement proceeds. Frandsen had not contacted her to explain the erroneous credit before she discovered the actual settlement check. After finding the check among accumulated unopened mail in approximately mid-to-late July 2026, she went to Frandsen herself, brought the erroneous credit to its attention, and explained her prior belief. Frandsen's July 20 debit from the replacement account and its later August 25 reversal do not change what Defendant knew or believed when she made the earlier transactions.

40. Admit that Defendant filed her Chapter 7 bankruptcy petition on June 23, 2026, eight days after the June 15 account visit. Defendant denies any implication that the June 15 account change or May 5 credit caused Defendant to seek bankruptcy protection or was part of a scheme involving the bankruptcy filing. Defendant had begun seeking bankruptcy assistance in 2025, well before the May 5, 2026 credit, and has contemporaneous emails from 2025 documenting those efforts.

41. Admit that Frandsen was not listed as a creditor on Defendant's bankruptcy schedules when they were filed. Defendant denies that the omission was intentional or fraudulent. At the time Defendant's bankruptcy schedules were prepared and filed, Defendant believed the May 5 credit was connected to her expected personal-injury settlement proceeds and did not understand that the credit resulted from a Frandsen error or that it had created a debt owed to Frandsen. Defendant did not discover otherwise until approximately mid-to-late July 2026.

42. Deny that Defendant knowingly or intentionally misstated the source of the funds in her bank account. At the time Defendant's bankruptcy schedules were prepared and filed, Defendant believed the May 5 credit was connected to personal-injury settlement proceeds she was expecting. Defendant did not discover that the May 5 credit resulted from a Frandsen error until approximately mid-to-late July 2026.

43. Deny Plaintiff's characterization that Defendant spent, gifted, hid, or otherwise concealed funds with fraudulent intent. Defendant's transactions were made while she believed the May 5 credit was connected to her expected personal-injury settlement proceeds. Defendant denies intentionally hiding or concealing the funds from Plaintiff, the Bankruptcy Court, the Trustee, or creditors.

44. Defendant incorporates her responses to Paragraphs 1 through 43 as though fully stated herein.

45. Deny. Defendant did not knowingly or falsely represent to Frandsen that she was the rightful owner of funds she knew belonged to Frandsen. The $17,598.49 credit was placed into Defendant's account as a result of what Plaintiff itself alleges was an internal Frandsen error. Defendant believed the credit was connected to personal-injury settlement proceeds she was expecting.

46. Deny. Defendant did not know that her belief concerning the May 5 credit was false at the time she used the funds. Defendant did not discover that the credit resulted from a Frandsen error until approximately mid-to-late July 2026.

47. Deny. Defendant did not intend to deceive Frandsen when she used, spent, transferred, or withdrew funds from the account. Defendant believed the May 5 credit was connected to her expected personal-injury settlement proceeds. After Defendant discovered that belief was mistaken, she went to Frandsen and reported the erroneous credit.

48. Deny. Defendant denies making fraudulent representations or taking fraudulent actions upon which Frandsen reasonably relied. Defendant further states that Plaintiff's Complaint alleges that the $17,598.49 credit originated from an internal error by Frandsen, rather than from any representation by Defendant that caused Frandsen to place the funds into her account.

49. Deny. Defendant denies committing fraud and therefore denies that fraud by Defendant caused Plaintiff's alleged damages. Defendant further denies any implication that her bankruptcy filing was undertaken as part of a scheme concerning the May 5 credit. Defendant had begun seeking bankruptcy assistance in 2025, before the May 5, 2026 credit occurred.

50. Deny. Defendant did not obtain the $17,598.49 through a false representation. Plaintiff's Complaint alleges that the funds were credited to Defendant's account as a result of an internal error by Frandsen. Defendant denies making a false representation that caused the credit to occur.

51. Deny. Defendant denies obtaining the $17,598.49 through actual fraud. Defendant did not know that the May 5 credit resulted from a Frandsen error when the credit appeared or while she used the funds, and Defendant denies acting with fraudulent intent.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

1. Failure to Establish Nondischargeability. Plaintiff bears the burden of establishing its claim under 11 U.S.C. § 523(a)(2)(A). Defendant denies knowingly making a false representation, acting under false pretenses, or committing actual fraud, and denies that the alleged debt was obtained through such conduct.

2. No Knowing Misrepresentation or Fraudulent Intent. Defendant believed the May 5 credit was connected to personal-injury settlement proceeds she expected. Her claim had settled before the credit appeared. She did not discover her belief was mistaken until approximately mid-to-late July 2026, after finding the actual settlement check among accumulated mail. She thereafter went to Frandsen and reported the erroneous credit.

3. Internal Bank Error. Plaintiff alleges that its own internal error caused $17,598.49 to be credited to Defendant's account, but also alleges that Defendant obtained that credit through false representations. Defendant denies making any representation that caused Frandsen to place the credit in her account.

4. Disputed Inferences About Defendant's Knowledge. Defendant denies that the amount of the credit, the later issuance and amount of the settlement check, her transactions, or her later choice of bank for depositing that check establish that she knew about Frandsen's error while using the credited funds.

5. Separate June and July Bank Interactions. Defendant requested a replacement Frandsen account on June 15 because of a genuine concern that her account information might have been compromised through a suspicious website. This was separate from her later discovery that the May 5 credit was erroneous. After finding the actual settlement check in approximately mid-to-late July, she went to Frandsen and reported the erroneous credit.

6. Frandsen's Subsequent Account Entries. Frandsen debited $17,598.49 from Defendant's replacement account on July 20, 2026, before Defendant deposited her actual settlement check. Frandsen reversed that debit on August 25, 2026. Defendant disputes any inference that these later entries establish she knew about the bank error when she made earlier transactions. Defendant also disputes the complete accounting and treatment of her own funds in the replacement account.

7. Bankruptcy Planning Predated the Credit. Defendant began seeking bankruptcy assistance in 2025, before the May 5, 2026 credit. She denies filing bankruptcy as part of a fraudulent scheme involving

that credit.

8. No Knowing or Intentional Falsification of Bankruptcy Disclosures. Defendant acknowledges that the approximately $16,500 figure reported in connection with her personal-injury settlement was inaccurate. She denies knowingly or intentionally falsifying that figure or her other bankruptcy disclosures.

9. Reservation. Defendant reserves the right to seek leave to amend this Answer or assert additional defenses as permitted by the Federal Rules of Bankruptcy Procedure, applicable Local Rules, and any scheduling order.

## CONSENT TO ENTRY OF FINAL ORDERS OR JUDGMENT

Pursuant to Fed. R. Bankr. P. 7012(b), Defendant CONSENTS to entry of final orders or judgment by the United States Bankruptcy Court.

## REQUEST FOR RELIEF

Defendant respectfully requests that the Court: A. Deny Plaintiff's request to determine that the alleged debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A); B. Enter judgment in favor of Defendant on Plaintiff's Complaint; C. Deny Plaintiff's request for a nondischargeable judgment, interest, costs, expenses, and attorney's fees to the extent Plaintiff is not entitled to that relief under applicable law; and D. Grant such other relief as the Court determines just and proper.

Dated: 9/29, 2026

Respectfully submitted,

Andrea Juopperi

Andrea Mae Juopperi
Defendant, Pro Se
1320 21st St
Cloquet, MN 55720
218-403-1666
kaedenwolfee@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on 9/29, 2026, I served a true and correct copy of the foregoing Defendant's Amended Answer to Complaint to Determine Non-Dischargeability of Debt by placing a paper copy in the United States Mail, postage prepaid, addressed to:

Linda K. Thompson
GDO Law
4770 White Bear Parkway
White Bear Lake, MN 55110
Attorney for Plaintiff Frandsen Bank & Trust

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/29, 2026

Andrea Juopperi

Andrea Mae Juopperi
Defendant, Pro Se